**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALEXANDER E. WALKER, ON BEHALF**
**OF HIMSELF AND OTHERS SIMILARLY**
**SITUATED,**

               **Plaintiffs,**

**-vs-**                                          **Case No. 6:07-cv-492-Orl-28DAB**

**HOME AT LAST OF BREVARD, INC.,**
**ALVIN PAYNE,**

               **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 16)**
>
> **FILED:**      **August 20, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

As set forth in the motion, which is signed by both counsel, the parties have settled this matter for the full amount of unpaid overtime, a like amount in liquidated damages, and $4,000.00 in attorney's fees and costs. As the motion sets forth all of the applicable information, and Plaintiff has not compromised his claim, no fairness hearing is necessary. The Court **respectfully recommends**

that the settlement (but not the unsigned settlement agreement, which is attached to the motion) be **approved** and the case be dismissed.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, as noted above, the parties have stipulated that Plaintiff will receive his full overtime pay of $1,807.50, and $1,807.50 for liquidated damages. Plaintiff's counsel will receive $3,500.00

in attorney's fees for 16 hours of labor and $500.00 in costs. As Plaintiff will receive all that he is entitled to, the settlement is clearly in his best interest. The amount of attorney's fees appears reasonable, as well. Although styled a collective action, no other Plaintiff has chosen to opt-in and the Court sees no reason not to effectuate the settlement

The Settlement Agreement attached to the motion is unsigned. Nonetheless, all of the essential terms of the settlement are set forth in detail in the motion itself, which is signed by counsel for all parties. For this reason, it is **recommended** that the settlement terms with respect to the allegedly unpaid overtime claim be **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues, but that the Court should not and need not approve all other terms of the unsigned Settlement Agreement.

If this recommendation is adopted by the Court, the Clerk is directed to dismiss the action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 21, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy